935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome SIEGEL, a/k/a Jerry, a/k/a The Jeweler, Defendant-Appellant.
 No. 89-6359.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (CR-85-25, CA-89-12)
 Rosalie Wacker O'Brien, Rilee, Cantor, Arkema & Edmonds, Richmond, Va., for appellant.
 G. Norman Acker, III, Assistant United States Attorney, Raleigh, N.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 DISMISSED.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by Siegel from an order of the district court filed October 10, 1989 in a proceeding under 28 U.S.C. Sec. 2255.
 
 
 2
 In 1986, Siegel pleaded guilty and was sentenced on drugrelated charges on indictments from the Eastern District of North Carolina and the District of South Carolina. The South Carolina charges were transferred to the Eastern District of North Carolina under Fed.R.Crim.P. 20. Siegel was sentenced to an active sentence of 25 years in prison plus probation and special parole terms. Fifteen years of that active sentence were on the North Carolina indictment, and 10 years on the South Carolina indictment. The sentences were to run consecutively.
 
 
 3
 The district court's order filed October 10, 1989, which is the order appealed from, denied relief from the sentence resulting from the North Carolina indictment, but granted re-sentencing relief from the sentence resulting from the South Carolina indictment.
 
 
 4
 Ordinarily in such a case, an appeal might lie from an order such as the district court's order filed October 10, 1989. But this case is further complicated by the fact that a dispute exists between Siegel and the government over whether the sentences should run consecutively or concurrently. It will thus be impossible to ascertain whether or not the sentences run consecutively or concurrently until after re-sentencing.
 
 
 5
 We are thus of opinion that this appeal is premature because all of the issues between the parties have not been decided and the order appealed from is not a final order under 28 U.S.C. Sec. 1291. While the order may be final as to the sentence imposed under the North Carolina indictment, it is not final as to the entire sentence imposed, including that under the South Carolina indictment, for Siegel has not been re-sentenced.
 
 
 6
 Accordingly, the appeal must be dismissed without prejudice, awaiting action of the district court with respect to the re-sentencing of Siegel.
 
 
 7
 In this most unusual case, it is apparent that an appeal may lie in the criminal case after re-sentencing. In an abundance of caution, we suggest that if there is any future appeal after re-sentencing, that appeal be taken both in the criminal case and as well, in this Sec. 2255 proceeding.
 
 
 8
 Siegel's claim that re-sentencing must be by a different district judge is without merit.
 
 
 9
 DISMISSED.